UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DOUGLAS LONGHINI,

      Plaintiff,

v.

FLAGLER MIAMI PLAZA LLC and
ASHOKA INDIAN CUISINE INC d/b/a
ASHOKA INDIAN CUISINE,

      Defendant.

_____/

## COMPLAINT

Plaintiff, DOUGLAS LONGHINI, individually and on behalf of all other similarly situated

mobility-impaired individuals (hereinafter "Plaintiff"), sues FLAGLER MIAMI PLAZA LLC and

ASHOKA INDIAN CUISINE INC d/b/a ASHOKA INDIAN CUISINE (hereinafter

"Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1.     This is an action for injunctive relief, attorneys' fees, litigation expenses, and

costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA")

and 28 U.S.C. §§ 2201 and 2202.

2.     The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C.

§ 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.     Plaintiff, DOUGLAS LONGHINI, is an individual over eighteen years of age,

with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

4.     At all times material, Defendant, FLAGLER MIAMI PLAZA LLC, owned and

operated a commercial property at 241-295 NW 82nd Avenue, Miami, Florida 33126 (hereinafter the "commercial property") and conducted a substantial amount of business in that place of public accommodation in Miami, Florida.

5.      At all times material, Defendant, FLAGLER MIAMI PLAZA LLC, was and is a Florida for profit corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Miami, Florida.

6.      At all times material, Defendant, ASHOKA INDIAN CUISINE INC d/b/a ASHOKA INDIAN CUISINE, owned and operated a commercial restaurant at 295 NW 82nd Avenue, Miami, Florida 33126 (hereinafter the "commercial property"), which is located within Co-Defendant, FLAGLER MIAMI PLAZA LLC's, commercial property, and conducted a substantial amount of business in that place of public accommodation in Miami, Florida.

7.      At all times material, Defendant, ASHOKA INDIAN CUISINE INC d/b/a ASHOKA INDIAN CUISINE, was and is a Florida limited liability company which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Miami, Florida.

8.      Venue is properly located in the Southern District of Florida because Defendant's commercial property, and restaurant and bar are located in Miami-Dade County, Florida; Defendant regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

9.      Although over thirty-two (32) years has passed since the effective date of Title III of the ADA, Defendant has yet to make its/their facilities accessible to individuals with disabilities.

2

10. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant has continued to discriminate against people who is disabled in ways that block them from access and use of Defendant's property and the businesses therein.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, DOUGLAS LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff uses a wheelchair to ambulate. Plaintiff, DOUGLAS LONGHINI, has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

13. Defendant/landlord, FLAGLER MIAMI PLAZA LLC, owns, operates and/or oversees the commercial property, to include its general parking lot and parking spots specific to the restaurant and bar business operating within the commercial property and all other common areas open to the public located within the commercial property.

14. Defendant, ASHOKA INDIAN CUISINE INC d/b/a ASHOKA INDIAN CUISINE, owns, operates and oversees the commercial restaurant within its commercial property, to include the entrance and interior to its commercial restaurant business therein and all other interior pathway and aisles, access to commercial goods and services, and restroom areas, which are open to the public located within the commercial property.

15. The subject commercial property and restaurant and bar are open to the public and

3

is located in Miami-Dade County, Florida. The individual Plaintiff visits the commercial property

and restaurant and bar regularly, to include a visit to the commercial property and business located

within the commercial property on July 29, 2024, and encountered multiple violations of the ADA

that directly affected his ability to use and enjoy the commercial property.   He often visits the

commercial property and the restaurant located within the commercial property in order to avail

himself of the goods and services offered there, and because it is approximately eleven and a half

(11.5) miles from his residence and is near other businesses he frequents as a patron.   He plans to

return to the commercial property and restaurant within two (2) months from the date of the filing

of this Complaint.

16.     The Plaintiff, DOUGLAS LONGHINI, found the commercial property and

commercial restaurant business located within the commercial property to be rife with ADA

violations.   The Plaintiff encountered architectural barriers at the commercial property and

commercial restaurant business located within the commercial property and wishes to continue his

patronage and use of the premises.

17.     The Plaintiff, DOUGLAS LONGHINI, has encountered architectural barriers that

are in violation of the ADA at the subject places of public accommodation. The barriers to access at

Defendant's commercial property and commercial restaurant business have each denied or

diminished Plaintiff's ability to visit these places of public accommodation and have endangered

his safety in violation of the ADA.   The barriers to access, which is set forth below, have likewise

posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUGLAS LONGHINI,

and others similarly situated.

18.     Defendant, FLAGLER MIAMI PLAZA LLC, owns and operates a commercial

property which is a place of public accommodation as defined by the ADA and the regulations

4

implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant, FLAGLER MIAMI PLAZA

LLC, is responsible for complying with the obligations of the ADA. The place of public

accommodation that Defendant, FLAGLER MIAMI PLAZA LLC, owns and operates is the

commercial property and/or businesses located at 241-295 NW 82nd Avenue, Miami, Florida

33126.

19.     Defendant, ASHOKA INDIAN CUISINE INC d/b/a ASHOKA INDIAN

CUISINE, owns and operates a commercial restaurant which is a place of public accommodation

as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.

Defendant, ASHOKA INDIAN CUISINE INC d/b/a ASHOKA INDIAN CUISINE, is responsible

for complying with the obligations of the ADA. The place of public accommodation that

Defendant, ASHOKA INDIAN CUISINE INC d/b/a ASHOKA INDIAN CUISINE, owns and

operates within the commercial property is the commercial restaurant business located at 295 NW

82nd Avenue, Miami, Florida 33126.

20.     Defendant/Landlord, FLAGLER MIAMI PLAZA LLC, as owner of the

commercial property and Co-Defendant/tenant, ASHOKA INDIAN CUISINE INC d/b/a

ASHOKA INDIAN CUISINE, as owner of the commercial restaurant business within the

commercial property, is together jointly and severally liable for all ADA violations listed in this

Complaint.

21.     Plaintiff, DOUGLAS LONGHINI, has a realistic, credible, existing and continuing

threat of discrimination from the Defendant's non-compliance with the ADA with respect to the

described  commercial property and commercial restaurant, including but not necessarily limited

to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will

continue to be subjected to discrimination at the commercial property and commercial restaurant,

in violation of the ADA. Plaintiff desires to visit the commercial property and restaurant and bar business located therein, not only to avail himself of the goods and services available at the commercial property and restaurant within the commercial property, but to assure himself that the commercial property and restaurant business are in compliance with the ADA, so that he and others similarly situated will has full and equal enjoyment of the commercial property without fear of discrimination.

22.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial property and restaurant and bar business within the commercial property, as prohibited by 42 U.S.C. § 12182 et seq.

### COUNT I – COMMON AREA ADA VIOLATIONS BY DEFENDANT/LANDLORD, FLAGLER MIAMI PLAZA LLC

23.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24.     Defendant, FLAGLER MIAMI PLAZA LLC, has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to has accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial property, include but is not limited to, the following:

A.  Parking

    i.  The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Entrance Access and Path of Travel

i.   The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

iv.  The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are vertical changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT II – COMMON AREA ADA VIOLATIONS BY DEFENDANT/LANDLORD, FLAGLER MIAMI PLAZA LLC AND DEFENDANT/TENANT, ASHOKA INDIAN CUISINE INC D/B/A ASHOKA INDIAN CUISINE

25.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

26.     Defendants, FLAGLER MIAMI PLAZA LLC and ASHOKA INDIAN CUISINE INC d/b/a ASHOKA INDIAN CUISINE have together discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to has accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the commercial property, include but is not limited to, the following:

A.     Public Restrooms

i.     The Plaintiff had difficulty using the doorknob on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff could not use the lavatory outside the accessible toilet compartment without assistance, as the required knee and toe clearance is not provided. Violation: There are lavatories outside the accessible toilet compartment that don't provide the required clearances violating Section 4.19.2 & Figure 31 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.     The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply

8

with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff could not enter the accessible toilet compartment without assistance, as the required maneuvering clearance is not provided. Violation: The accessible toilet compartment does not provide the required latch side clearance at the door violating Sections 4.13.6 and 4.17.5 of the ADAAG and Sections 404.2.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v.      The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.     The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the bathrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.    The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.   The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.     The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

x.      The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xi.     The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser in the accessible toilet compartment is not mounted in accordance with Section 4.17.6 and Figure 30(d) of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

27.     The discriminatory violations described in this Complaint is not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUGLAS LONGHINI, from further ingress, use, and equal enjoyment of the commercial place of public accommodation and restaurant and bar; Plaintiff

requests the opportunity to be physically present at such inspection in conjunction with Rule 34 and timely notice.  A Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein is readily achievable.

28.     The Plaintiff, and all other individuals similarly situated, has been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial property and commercial restaurant business within the property; and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the isas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

29.     Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation and/or commercial property and restaurant, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq. for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to

discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

30.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

31.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the isas of non-compliance with the Americans with Disabilities Act.

32.     Notice to each and/or either Defendant is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent has been met by the Plaintiff or waived by each Defendant.

33.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their

businesses, to include the restaurant and bar located within the commercial property located at 241-295  NW 82nd Avenue, Miami, Florida 33126,including the interiors, exterior areas, and the common exterior areas of the commercial property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, DOUGLAS LONGHINI, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require both Defendants to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: September 5, 2024

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 W. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445

Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com


By: ___/s/_Anthony J. Perez_____
        ANTHONY J. PEREZ
        Florida Bar No.: 535451